IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CITY OF CLEVELAND, MISSISSIPPI                                              PLAINTIFF

V.                                                                NO. 4:18-CV-170-DMB-RP

SIEMENS INDUSTRY, INC., et al.                                             DEFENDANTS

**ORDER REMANDING CASE**

Before the Court is the City of Cleveland, Mississippi's motion to remand. Doc. #27.

**I**
**Procedural History**

On July 11, 2018, the City of Cleveland, Mississippi, filed a complaint in the Circuit Court of Bolivar County, Mississippi, against Siemens Industry, Inc., Mueller Systems, LLC, and "John Does 1-10." Doc. #2 at PageID #709. On July 27, 2018, the City filed an amended complaint joining Chris McNeil as a defendant individually and in his capacity as an agent of Siemens. Doc. #3-7 at ¶¶ 1–2, 4. The amended complaint asserts breach of contract, breach of express and implied warranties, fraud, and negligence claims against Siemens and Mueller. *Id.* at ¶¶ 12–15. Against McNeil, the amended complaint asserts negligent misrepresentation and fraudulent misrepresentation claims.[1] *Id.* at ¶¶ 13–14.

On August 15, 2018, Siemens removed the City's state court action to the United States District Court for the Northern District of Mississippi. Doc. #1. Asserting diversity jurisdiction,

---

[1] The amended complaint alleges in paragraph 15 that "[t]he Defendants are liable and responsible also as they are in breach of not only the express warranties but are in breach of the implied warranties of merchantability and fitness for a particular purpose" under Miss. Code Ann. §§ 75-2-314 and 75-2-315. This order does not address contract claims against McNeil because, based on the allegations of paragraphs 7 and 12, the Court presumes the City did not intend to include him in the term "Defendants" in paragraph 15. Paragraphs 7 and 12 name only Siemens and Mueller with respect to the breach of contract claims, though paragraph 13 alleges that "the misrepresentations [made by McNeil and Siemens] were material and constitute a breach of the contracts." The only claims clearly asserted against McNeil are negligent misrepresentation and fraudulent misrepresentation. *Id.* at ¶¶ 13–14. Furthermore, the City does not discuss any contract claims against McNeil in its motion to remand. *See* Doc. #28.

Siemens alleges that the City's claimed damages exceed the amount-in-controversy requirement of 28 U.S.C. § 1332(a); that it is a citizen of Delaware and Georgia; that Mueller is a citizen of Delaware, Georgia, and North Carolina; that the City is a citizen of Mississippi; and that McNeil, another citizen of Mississippi, was "fraudulently joined … to destroy diversity jurisdiction."[2] *Id.* at ¶¶ 9, 10–11, 13, 15–16, 36. Siemens argues that McNeil should therefore be dismissed and that the Court should exercise diversity jurisdiction over the remaining parties. *Id.* at ¶ 16. McNeil and Mueller both consented to removal on, respectively, August 16, 2018, and August 21, 2018. Docs. #4, #16.[3]

On September 14, 2018, the City filed a motion to remand for lack of subject matter jurisdiction.[4] Doc. #27. Siemens filed a response on September 28, 2018, which Mueller and McNeil joined. Doc. #32 at 1; Doc. #32-4 at 1; Doc. #32-5 at 1. The City replied on October 5, 2018. Doc. #37.

## II
## Motion to Remand Standard

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887

---

[2] Siemens notes that John Does 1-10 are unidentified defendants whose citizenship is not considered for purposes of removal. Doc. #1 at ¶ 14 (citations omitted).

[3] Siemens filed a partial motion to dismiss on September 5, 2018. Doc. #21. Mueller filed a motion to dismiss on September 6, 2018. Doc. #24. The City responded to each motion. Docs. #33, #35. A reply to each response was filed. Docs. #38, #39.

[4] Five days later, United States Magistrate Judge Roy Percy stayed the case pending this Court's ruling on the motion to remand. Doc. #31.

(5th Cir. 2014) (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III
## Analysis

In seeking remand, the City argues McNeil was properly joined. Doc. #27 at 1. The defendants respond that McNeil was fraudulently joined because, since the City has no valid claims against him, he was joined for the sole purpose to defeat diversity and deprive this Court of subject matter jurisdiction. Doc. #32 at 9.

Subject matter jurisdiction under 28 U.S.C. § 1332 requires (1) complete diversity between the parties and (2) an amount in controversy in excess of $75,000. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). If an action's subject matter jurisdiction is based solely on diversity, then the action "may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). A nondiverse defendant has been improperly joined when the removing defendant "has demonstrated that there is no possibility of recovery by the plaintiff against [the nondiverse] defendant." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 at 200 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) (alteration added).

A district court applies the federal pleading standard in determining "whether the complaint states a claim under state law against the in-state defendant …." *Id.* (quoting *Smallwood*, 385 F.3d at 573). Rule 12(b)(6) provides the method for testing whether the pleading requirements of Rule

8 and, in some circumstances, Rule 9 have been met. *Id.* at 203. "[A]ll well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The federal pleading standard is then applied to the state law claim. *See Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 208; *Hart v. Bayer Corp.*, 199 F.3d 239, 242, 247–48 (5th Cir. 2000) (interpreting Mississippi law in determining whether plaintiffs sufficiently pleaded state law claims under Rules 8(a)(2) and 9(b)).

The "heavy" burden of proving improper joinder rests with the removing party. *Hart*, 199 F.3d at 246 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Removal raises "significant federalism concerns" because removal deprives a state court of an action properly before it. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995)). Therefore, "[t]he removal statute is … strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82.

### A. Relevant Factual Allegations

The City alleges that, under a Performance Contracting Agreement it entered with Siemens, Siemens sold it a defective water meter system, and that Mueller manufactured the defective system. Doc. #3-7 at ¶¶ 6, 8. It also alleges that McNeil, then-employee and salesperson of Siemens, made negligent and fraudulent misrepresentations regarding the cost-saving expectations of the water meter system. *Id.* at ¶¶ 13, 14. Further, the City alleges that McNeil, as well as other Siemens salespeople, knew the system would not perform as promised. *Id.* at ¶ 13.

### B. Relevant Claims

The City brings its claims against McNeil individually and in his capacity as an agent of Siemens. Doc. #3-7 at ¶ 4. The City concedes that "[a]t all relevant times, McNeil … was acting within the course and authority of his employment." Doc. #28 at 2.

Generally under Mississippi law, an agent incurs no liability for a disclosed principal's breach of duty or contract. *McFarland v. Utica Fire Ins. Co. of Oneida Cty.,* 814 F. Supp. 518, 521 (S.D. Miss. 1992); *Rogers v. Shelter Mut. Ins. Co.*, No. 3:05cv57, 2006 WL 839551, at **3, 5 (S.D. Miss. Mar. 30, 2006) (dismissing claims against agents sued individually and in their capacities as agents of allegedly negligent principal). However, an agent may be "personally liable" if he "directly participates in or authorizes the commission of a tort," even if the tort is within the scope of his employment. *Hart*, 199 F.3d at 247 (quoting *Mississippi Printing Co., Inc. v. Maris, West & Baker, Inc.*, 492 So. 2d 977, 978 (Miss. 1986)). The agent's individual liability must be based on "individual wrongdoing." *Id.* (quoting *Turner v. Wilson*, 620 So. 2d 545, 548 (Miss. 1993)); *see Wheeler v. Frito-Lay, Inc.*, 743 F. Supp. 483, 487 (S.D. Miss. 1990) (determining there was possibility plaintiffs stated claim of negligent driving against defendant-agent, who was acting within scope of his employment when tort occurred); *Estate of Gibson ex rel. Gibson v. Magnolia Healthcare, Inc.*, 91 So. 3d 616, 624 (Miss. 2012) ("fraud or equivalent misconduct" may constitute "individual wrongdoing").

The City alleges McNeil knew the water meter system was faulty but withheld this information when he marketed the system to the City. Doc. #3-7 at ¶ 13. The City's claims against McNeil are not based merely on the alleged wrongdoing of Siemens or Mueller but directly refer to McNeil's own actions. *See id.* The City therefore alleges that McNeil engaged in "individual wrongdoing" and may be individually liable for the alleged negligent misrepresentation and

fraudulent misrepresentation. *See Estate of Gibson*, 91 So. 3d at 624. However, the City's claims against McNeil "in his capacity as an agent of Siemens" are not cognizable under Mississippi law. *See Hart*, 199 F.3d at 247; *Rogers*, 2006 WL 839551, at *3; *McFarland*, 814 F. Supp. at 521.

### 1. Negligent misrepresentation

Mississippi law provides that the tort of negligent misrepresentation consists of five elements:

> (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 101 (Miss. 2008) (internal citations omitted).

The City does not allege that McNeil failed to exercise appropriate diligence or expertise in making his statements regarding the meter system's performance.[5] *See* Doc. #3-7. Having failed to allege an essential element, the City has failed to state a claim of negligent misrepresentation against McNeil upon which relief can be granted.

### 2. Fraudulent misrepresentation

Under Mississippi law, a claim of fraudulent misrepresentation consists of the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

---

[5] While the City alleges McNeil was aware that the water meter system was faulty, this assertion goes to "the speaker's knowledge of its falsity or ignorance of the truth," an element of the City's fraud claim. *See Holland*, 3 So. 3d at 100. The City's conclusory statement that "Siemens, McNeil and Mueller were negligent in their sales presentation and representations to the City, in the promotion of, sale and installation of the system," without more, fails to meet the federal pleading standard with respect to the diligence element. *See* Doc. #3-7 at ¶ 14; *Iqbal*, 556 U.S. at 678.

*Holland*, 3 So. 3d at 100 (quoting *Bank of Shaw v. Posey,* 573 So. 2d 1355, 1362 (Miss. 1990)) (internal citations omitted). Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud …." Fed. R. Civ. P. 9(b). A plaintiff "must set forth 'the who, what, when, and where'" underlying a fraud claim.[6] *Hart*, 199 F.3d at 247 n.6 (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)).

### a. *Material and false representation of fact*

The City alleges that Siemens' marketing representatives, including McNeil, met with City representatives "on numerous occasions" and provided marketing material and Power Point presentations that were

> intended to convince the City that the water meter system … would not only save the City money, but it would be so efficient that it would result in the system paying for itself over time because of a significant increase in accurate metering of water consumed by the City as well as fewer employees assigned to the reading of meters, resulting in increased collections related to water consumption. The marketing people for Siemens, including McNeil, came before the Board of Aldermen and guaranteed meter accuracy would be 98.5%, made "a 100% financial guarantee", and guaranteed the increase in water revenue would more than pay for the project costs.

Doc. #3-7 at ¶ 6. The City claims that Siemens' marketing representatives, including McNeil, also represented that the system would self-report; that the system has failed to self-report and that it is reporting at an accuracy rate of less than 50%; and that McNeil and his co-defendants were aware that the system was faulty at the time they marketed it to the City. *Id.* at ¶¶ 9, 13. Assuming the City's allegations to be true, McNeil's guarantee that the system would perform at an accuracy rate of 98.5% was a false representation of fact because he knew that the system was faulty.

Siemens does not challenge the materiality or significance of McNeil's alleged

---

[6] A plaintiff's failure to meet the pleading requirements of Rule 9(b) "should not automatically ... result in dismissal of the complaint with prejudice ...." *Hart*, 199 F.3d at 247 n.6.

7

misrepresentations. *See* Doc. #32. Accepting the City's allegations are true, McNeil's statements that the meter system would result in a significant increase in metering accuracy and that the increase in water revenue would more than offset the project costs are material and significant because they formed the basis of the City's decision to enter into the Performance Contracting Agreement with Siemens. *See* Doc. #3-7 at ¶¶ 6–7.

### b. *Speaker's knowledge or ignorance*

Regarding McNeil's knowledge or ignorance of the falsity of his statements, the City specifically alleges that "Siemens, McNeil and Mueller were aware that the water meter system was faulty at the time they marketed the system to the City, and at the time they entered into the contracts with the City. Yet, they withheld such false and misleading sales information …." *Id.* at ¶ 13. Siemens argues the City fails to meet the federal pleading standard by identifying no specific facts supporting its allegation that McNeil knew the system was faulty. Doc. #32 at 4. Siemens is incorrect. Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Such has been done here.

### c. *Intent*

Siemens does not challenge the sufficiency of the City's allegation that McNeil intended his statements to be acted on by the City in the manner reasonably contemplated. *See* Doc. #32. The City alleges this element is satisfied because McNeil and other Siemens marketing representatives met with City representatives and gave presentations for this purpose. Doc. #3-7 at ¶ 6. This element has been pleaded sufficiently.

### d. *Hearer's ignorance, reasonable reliance, and proximate injury*

Siemens also does not challenge the sufficiency of the pleadings with respect to the City's ignorance of the falsity of McNeil's statements, its reasonable reliance on those statements, or its

proximate injury. *See* Doc. #32. The City has sufficiently pleaded that it reasonably relied on McNeil's statements because it alleges it entered into its contract with Siemens and Mueller based on the sales presentation given by McNeil and others. *See* Doc. #3-7 at ¶ 7. The City has also sufficiently pleaded proximate damages because it alleges it has lost approximately $1.5 million since the system was installed. *Id.* at ¶ 11.

*e. Summary*

For the reasons above, the City has sufficiently stated a claim of fraudulent misrepresentation against McNeil.

### C. Economic Loss Doctrine and Common Defense Rule

Siemens argues that, even if the City states a valid negligence claim against McNeil, the claim is barred by the economic loss doctrine. Doc. #32 at 7–8 (citing *State Farm Mut. Auto. Ins. Co. v. Ford Motor Co.*, 736 So. 2d 384, 387 (Miss. Ct. App. 1999)). The City responds that remand is proper under the "common defense rule" because all defendants assert the economic loss doctrine as a defense to the City's claims. Doc. #37 at 8. Neither party correctly analyzes the claims or defenses with respect to McNeil under these doctrines.

#### 1. Economic loss doctrine

Because the City has failed to state a negligence claim against McNeil, this Court need not decide whether that claim is barred by the economic loss doctrine. This Court need only determine whether the doctrine bars the City's fraudulent misrepresentation claim against McNeil.

The economic loss doctrine was considered for the first time by a Mississippi appellate court in *State Farm*, where the plaintiffs brought strict liability and negligence claims against a car manufacturer after a leaky oil seal caused a fire that damaged the car. 736 So. 2d at 387. The court concluded that the economic loss doctrine barred recovery because the plaintiffs "suffered

only economic loss to the car itself." *Id.* at 388. In determining whether the doctrine applied, the court consulted Mississippi's product liability statute, *id.* at 378–88, and quoted a federal district court case for the proposition that "a plaintiff who suffers only economic loss as the result of a defective product may have no recovery in strict liability or negligence, though such damage may be pursued under a breach of warranty theory of liability." *Id.* at 387 (quoting *E. Mississippi Elec. Power Ass'n v. Porcelain Prod. Co. (Inc.)*, 729 F. Supp. 512, 514 (S.D. Miss. 1990)).

Mississippi courts appear to have not addressed whether the economic loss doctrine applies to fraud claims. *See Clark v. Gen. Motors*, No. 3:14cv505-DPJ-FKB, 2016 WL 3574408, at *6 (S.D. Miss. June 23, 2016) ("[i]t is not clear whether Mississippi would adopt a fraud exception [to the economic loss doctrine]."). In *Clark*, an unpublished decision, a federal district court determined it "doubtful … that Mississippi would adopt an exception based on fraud that allows a product-liability plaintiff to pursue tort damages for *purely economic loss to the product itself* related to alleged warranty breaches." *Id.* (emphasis added). *Clark*, like *State Farm*, concerned an action for money damages stemming only from economic loss to a vehicle caused by the improper deployment of the airbags. *Id.* at *1. The court ultimately declined to decide the issue because the plaintiffs only asserted fraudulent misrepresentation arguments in their response to a motion for summary judgment and failed to allege any fraud claims in their complaint. *Id.* at *6.

Although a faulty water meter system is at the heart of the City's claims against the defendants, and the City complains only of economic loss, this case differs significantly from *State Farm*, upon which Siemens solely relies. *See* Doc. #3-7 at ¶¶ 11, 16; Doc. #32 at 7–8. The City seeks the bulk of its money damages for its ongoing loss of revenue caused by the faulty system, totaling $1.5 million at the time the amended complaint was filed, as well as the expected cost of

replacing the faulty system. Doc. #3-7 at ¶¶ 11, 16. The type of economic loss the City complains of was not contemplated by *State Farm* or by any other Mississippi court in applying the economic loss doctrine. *See State Farm*, 736 So. 2d at 387–88. Considering this discrepancy, as well as the absence of Mississippi case law applying the economic loss doctrine to fraudulent misrepresentation claims, this Court declines to apply the doctrine in this context.

### 2. Common defense rule

The common defense rule supports a motion to remand when all defendants raise the same defense which, if successful, would dispose of all the claims against them. *Smallwood*, 385 F.3d at 574–75. The Fifth Circuit has explained that the rule's purpose is to differentiate between the joinder of "sham" defendants and actions that should have been defeated altogether on the merits. *Id.* If the same defense applies to all claims against all defendants, then the joinder of the non-diverse party was likely not added simply to destroy diversity. *See id.*

The City argues the common defense rule applies because Siemens and Mueller both raise the economic loss doctrine as defenses in their motions to dismiss. Doc. #28 at 12–13. The City mischaracterizes those arguments. Siemens and Mueller expressly state in the memoranda supporting those motions that they raise the economic loss doctrine only with respect to the City's negligence claims and acknowledge that the doctrine does not apply to the contract claims. Doc. #22 at 6; Doc. #25 at 6. Because the economic loss doctrine, if successful, would not bar the entirety of the City's claims, the common defense rule does not apply. *See* Doc. #3-7 at ¶¶ 12–14 (alleging negligence, fraud, and breach of contract).

## IV
## Conclusion

McNeil was not improperly joined because the City has sufficiently stated a claim of fraudulent misrepresentation against him. This Court therefore lacks subject matter jurisdiction

11

over this action. Accordingly, the City's motion to remand [27] is **GRANTED**.

**SO ORDERED**, this 19th day of September, 2019.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**